IN THE SUPERIOR COURT OF WASHINGTON FOR THE COUNTY OF SNOHOMISH

| | |
|---|---|
| RENEE BROOKS, <br><br> Plaintiff, <br><br> v. <br><br> JERALD J. LYONS, JR., JANE DOE LYONS, and the marital community thereof comprised, and AMERICAN SENIOR RESOURCES INC., <br><br> Defendants | Cause No.: <br><br><br> COMPLAINT FOR PERSONAL INJURIES, DEFAMATION, AND OUTRAGE |

COMES NOW Plaintiff and for cause of action, alleges as follows:

### I. Jurisdiction

1.1 All parties are subject to the jurisdiction of this Court.

1.2 Venue is based on the primary business location of Defendants, and the fact that the events described in this Complaint occurred in Snohomish County.

Complaint- Brooks v. Lyons
Page 1 of 13

JOHN G. LLEWELLYN, PLLC
ATTORNEYS AND COUNSELORS AT LAW
4847 CALIFORNIA AVE SW, SUITE 100
SEATTLE, WA 98116
V 206-923-2889  F 206-923-2892

EXHIBIT 1
Page 1 of 13

## II. Parties

2.1 Plaintiff Renee Brooks is currently a Washington resident, and the daughter-in-law of Frederick Brooks, a former client of Defendants. She is married to Charles Brooks, the son of Frederick Brooks. She is also the sister-in-law of Richard Brooks, who is the brother of Charles Brooks.

2.2 Defendants Jerald J. Lyons, Jr. Jane Doe Lyons, and the marital community thereof comprised are married individuals residing within Washington State. The proper name of Jane Doe Lyons will be substituted upon discovery. All acts engaged in by Jerald J. Lyons, Jr. that are the subject of this Complaint were for the benefit of the marital community.

2.3 American Senior Resources, Inc. is a Washington corporation, wholly owned by Jerald J. Lyons, Jr. Its sole business location is in Snohomish County, Washington.

## III. Facts

3.1 Defendant American Senior Resources, Inc. is an insurance agency. American Senior Resources, Inc. is only authorized to solicit sales of life and disability insurance, and not property and casualty insurance. Despite not being registered as a broker-dealer, investment advisory firm, or any other type of investment provider, American Senior Resources, Inc. markets itself as a full-services financial service firm.

Complaint- Brooks v. Lyons
Page 2 of 13

JOHN G. LLEWELLYN, PLLC
ATTORNEYS AND COUNSELORS AT LAW
4847 CALIFORNIA AVE SW, SUITE 100
SEATTLE, WA 98116
V 206-923-2889   F 206-923-2892

EXHIBIT 1
Page 2 of 13

3.2 Defendant Jerald J. Lyons, Jr. is the sole officer and sole shareholder of American Senior Resources, Inc. The only professional licensing Mr. Lyons has is the authority to act as a life and disability insurance agent; Mr. Lyons has been licensed as an insurance agent since 2009. Despite his lack of any broker-dealer representative or investment advisor qualifications, Defendant Jerald J. Lyons, Jr. markets himself as a "financial advisor" to prospective clients. In fact, quoting from his own promotional materials on the American Senior Resources' website: *"[Mr. Lyons] has specialized in working one-on-one with clients since 1992, advising and assisting them in building their retirement and protecting their assets. He is well equipped to present solutions for many retirement situations."* Mr. Lyons is also lacking Certified Financial Planner (CFP) qualifications, or any other qualifications that would make him a specialist in retirement planning or asset protection. At all times relevant for the purposes of the Complaint, Defendant Lyons was purporting to act as an agent for American Senior Resources, Inc.

3.3 In 2003, Mr. Lyons took Mr. Frederick Brooks, the father of Ms. Renee Brooks' husband, and his spouse, Angie Brooks, to a lawyer of his choosing to have a new will written. They were leaving 45% each to his two children, one child's share in a special needs trust, and 5% to each of his two granddaughters. A year or so after Angie Brooks passed (which was in 2006), Mr. Lyons told Mr. Brooks he needed to redo his will. He also said the granddaughters could not be on the will because they might marry drug dealers and then they would take all the money. They were in high school at the time and had been in no trouble

Complaint- Brooks v. Lyons
Page 3 of 13

JOHN G. LLEWELLYN, PLLC
ATTORNEYS AND COUNSELORS AT LAW
4847 CALIFORNIA AVE SW, SUITE 100
SEATTLE, WA 98116
V 206-923-2889   F 206-923-2892

EXHIBIT 1
Page 3 of 13

of that sort. He also told Mr. Brooks that he needed to leave 75% to my brother in law Richard because "Medicare was going to go bankrupt and he would need that much money." Mr. Lyons had himself named as Executor, Attorney in Fact, and Trustee of the Special Needs Trust for one of the children. It is the Plaintiff's belief that Mr. Lyons wanted to charge the Estate and Trust for "services rendered" in those capacities, and that his comments about impending Medicare bankruptcies were baseless "scare tactics" entirely designed to generate unrealistic fear on the part of Mr. Frederick Brooks.

3.4 As part of his "financial planning," Mr. Lyons advised Mr. Brooks to place practically all of his non-real estate assets into a series of index annuities (and much of the remainder into a single premium variable insurance contract). Needless to say, since Mr. Lyons does not have a Series 7 or 65, or 66 securities license, index annuities, fixed annuities, and index-linked insurance are the primary commission-generating quasi-investment contracts he can sell.

3.5 These policies Defendant Lyons solicited are high-commission products with very high internal fees. Plaintiff avers that this was done solely to enrich Defendant Lyons. When Renee Brooks began to resist these efforts to enrich himself, Defendant Lyons attacked Plaintiff by claiming that she was stealing money from Frederick Brooks.

Complaint- Brooks v. Lyons
Page 4 of 13

JOHN G. LLEWELLYN, PLLC
ATTORNEYS AND COUNSELORS AT LAW
4847 CALIFORNIA AVE SW, SUITE 100
SEATTLE, WA 98116
V 206-923-2889   F 206-923-2892

EXHIBIT 1
Page 4 of 13

3.6  Of particular note amongst these solicited products is a Monumental Life Insurance Company policy issued in 2004, which carried a ten year surrender period and a 12.5% sales load. He has also placed Mr. Brooks in three different Great American index annuities, four Jackson National annuities, one Avivaq annuity, and one Sagicor index whole life policy.

3.7  There is no obvious reason for so many different index annuities, except for the fact that Defendants were chasing the highest commissions available at the time. It is also instructive to note that these high-commission annuities are unique inasmuch as a person holding a life insurance license is allowed to solicit them, unlike a traditional variable annuity, which requires both a life insurance license and a Series 6 or 7 securities license. On information and belief, Defendant Lyons "churned" annuity policies by recommending that Frederick Brooks switch funds from one annuity to another, solely to generate additional commissions.

3.8  There is an associate at "American Senior Resources, Inc." that is also a licensed stockbroker, with the minimum licensing to act as a broker-dealer representative (Series 7 and Series 63 licenses); however, any stocks, bonds, or other investment offerings are offered by this associate through his brokerage,

Complaint- Brooks v. Lyons
Page 5 of 13

JOHN G. LLEWELLYN, PLLC
ATTORNEYS AND COUNSELORS AT LAW
4847 CALIFORNIA AVE SW, SUITE 100
SEATTLE, WA 98116
V 206-923-2889  F 206-923-2892

EXHIBIT 1
Page 5 of 13

1  which is a different firm. It is also axiomatic that Defendants got all of the
2  commission income from placing a client in index annuities themselves,
3  whereas they would have lost that commission if an actual Series 7/63 broker
4  places trades in investment products through a different firm. Perhaps
5  unsurprisingly, Defendants chose the former when making recommendations
6  to Mr. Brooks.

3.9 The Series 7/63 licensed associate referenced in paragraph 3.7, Terry Heys, is rather ostentatiously titled "Director, Portfolio Management" at Defendant American Senior Resources Inc. This is despite the fact that Mr. Heys is not a licensed investment advisory representative, or has any other qualifications over and above the minimum Series 7 and Series 63 licenses for a broker-dealer representative. Furthermore, defendant American Senior Resources Inc. does not house any portfolios to manage, and the implication that it has a "portfolio manager" is intentionally deceptive and misleading. Plaintiff avers that this important-seeming title is another indication that Defendants are attempting to market themselves as a full-service financial services firm or investment advisory firm, rather than the insurance agency that they really are.

3.10 Defendant Jerald J. Lyons Jr., was made a partial beneficiary on one of his annuities. Nobody in the Brooks family, including Frederick Brooks, knew how this happened.

Complaint- Brooks v. Lyons
Page 6 of 13

JOHN G. LLEWELLYN, PLLC
ATTORNEYS AND COUNSELORS AT LAW
4847 CALIFORNIA AVE SW, SUITE 100
SEATTLE, WA 98116
V 206-923-2889   F 206-923-2892

EXHIBIT 1
Page 6 of 13

3.11 In March, 2008, Defendant induced Frederick Brooks to change his will. Defendant induced Frederick Brooks to name him the Personal Representative on his Will, and stated that Plaintiff could not be on Fred's will. Defendant stated that if Frederick Brooks passed away, Plaintiff would divorce Charles Brooks then take all the money -- or if Charles Brooks died, Plaintiff would re-marry and then take all the money. Defendant also said that Ashley and Shayna Brooks (the daughters of Renee and Charles Brooks and the only grandchildren of Frederick Brooks) could not be on the will either because "if they were to marry drug dealers, then the drug dealers would take all the money." At that point in time, Charles and Renee Brooks had been married for over 20 years. Ashley and Shayna Brooks were only 16 and 18 years old and had never been in any kind of trouble. Neither of them has been in any sort of legal difficulties since to justify the histrionic accusations of Defendant Lyons.

3.12 As part of this scheme to enrich himself, Defendant Lyons induced Frederick Brooks to name himself as Attorney-in-Fact, and to leave 75% of the residual assets in his Will to a Special Needs Trust for Richard Brooks, with Defendant Lyons as the paid Trustee. Frederick Brooks stated that "Jerry [Defendant Lyons] told him he had to do that because Jerry said Social Security was going bankrupt and Richard needed the money." Ashley and Shayna Brooks were eliminated from the Will. Defendant Lyons utilized his status as Attorney-in-Fact to enrich himself, in derogation of his fiduciary obligations.

Complaint- Brooks v. Lyons
Page 7 of 13

JOHN G. LLEWELLYN, PLLC
ATTORNEYS AND COUNSELORS AT LAW
4847 CALIFORNIA AVE SW, SUITE 100
SEATTLE, WA 98116
V 206-923-2889   F 206-923-2892

EXHIBIT 1
Page 7 of 13

3.13 The attorney who drafted the estate planning documents referenced in Paragraph 3.10, William Hickman, was hand-picked by Defendant Lyons. On April 1, 2008, the billing records for that firm indicate that Defendant Lyons called the firm to leave specific instructions regarding the distribution in the Will of Frederick Brooks.

3.14 Defendant Lyons engaged in a systematic plan to insinuate himself into Frederick Brooks' financial life, in order to enrich himself. In order to accomplish this, he had to discredit Renee Brooks, who had been acting as the primary assistant for Frederick Brooks on financial matters. Crucial to this scheme was a lengthy series of allegations that Renee Brooks was stealing from Frederick Brooks.

3.15 In a meeting in May, 2013, Defendant Lyons accused Plaintiff Renee Brooks of theft. He said Plaintiff took $1500.00 "a few months ago without Fred's permission." Plaintiff and her husband had, in fact, asked Frederick Brooks if they could borrow the money for some immediate auto repairs; Frederick Brooks had told them okay and told them to take the money out of his account. Plaintiff and her husband had never taken anything permission from Frederick Brooks beforehand.

3.16 Defendant Lyons told Plaintiff Renee Brooks that Frederick Brooks would call him every time he ever gave Plaintiff or Charles Brooks any money – birthday's, Christmas – any time. Defendant Lyons said he kept track of every

Complaint- Brooks v. Lyons
Page 8 of 13

JOHN G. LLEWELLYN, PLLC
ATTORNEYS AND COUNSELORS AT LAW
4847 CALIFORNIA AVE SW, SUITE 100
SEATTLE, WA 98116
V 206-923-2889   F 206-923-2892

EXHIBIT 1
Page 8 of 13

dime, and he demanded an accounting. Defendant Lyons further said that if Plaintiff did not show him receipts for everything she ever used the money on, he was going to go to the police, have Plaintiff arrested, and put in jail.

3.17 Defendant Lyons threatened to call Adult Protective Services on Plaintiff. This was done without any basis in fact, but as a threat to intimidate Renee Brooks from interfering in his self-dealing with the assets of Frederick Brooks.

3.18 On August 7th, 2013, Plaintiff received a phone call from Boeing Employees Credit Union asking if she knew that Fred had an new Power of Attorney appointing Jerry Lyons as the only Attorney-in-Fact. This was made after Defendant Lyons lied to Frederick Brooks and claimed that Charles and Renee Brooks had been stealing money from him. Conveniently, this was done when Renee and Charles Brooks were out of town on vacation and could not respond to these allegations.

3.19 Later in August, 2013, Plaintiff received a voicemail at her house from Billy Pendalton, the office administrator at Crista, the assisted living facility where Frederick Brooks was living. In her voicemail, she said that she could no longer discuss anything about Fred with Plaintiff. She said that she had a very long discussion with Frederick Brooks and Defendant Lyons about me. She said that Defendant Jerry now had Power of Attorney and that Plaintiff Renee Brooks was the one who was taking money unlawfully from Fred. This was also very upsetting to Plaintiff because of her demeanor on the phone, implying

Complaint- Brooks v. Lyons
Page 9 of 13

JOHN G. LLEWELLYN, PLLC
ATTORNEYS AND COUNSELORS AT LAW
4847 CALIFORNIA AVE SW, SUITE 100
SEATTLE, WA 98116
V 206-923-2889  F 206-923-2892

EXHIBIT 1
Page 9 of 13

1 | that Plaintiff was a thief.

3.20  After Frederick Brooks discovered that Mr. Lyons was listed as a beneficiary on one of his annuities, he sought advice from a new attorney. On March 18, 2014, the new attorney drafted new estate planning documents for Frederick Brooks, revoking the Attorney-in-Fact status of Mr. Lyons and removing him as Personal Representative and Trustee in the Will.

3.21  The attorney that redrafted the estate planning documents for Frederick Brooks also requested that Defendant Lyons provide a list of all annuities and insurance policies Frederick Brooks had through his office. Defendant Lyons never complied with this request.

3.22  This improper attempt to seek financial advantage has resulted in Defendants' defamatory and false comments and has led to emotional distress on the part of Plaintiff. Plaintiff has suffered emotional, physical, and mental damages as a result of the intentional and vicious actions of Defendant Lyons. In addition, Plaintiff Renee Brooks has suffered wage loss and other economic and noneconomic damages.

3.23  Frederick Brooks passed on January 13, 2015. Before he passed, Fred finally realized the reality behind the lies that Defendant Lyons told him about Plaintiff. It devastated Frederick Brooks that he believed Defendant Lyons all those years about Plaintiff. Realizing what Defendant Lyons did cast a dark

Complaint- Brooks v. Lyons
Page 10 of 13

JOHN G. LLEWELLYN, PLLC
ATTORNEYS AND COUNSELORS AT LAW
4847 CALIFORNIA AVE SW, SUITE 100
SEATTLE, WA 98116
V 206-923-2889   F 206-923-2892

EXHIBIT 1
Page 10 of 13

cloud over Fred's last months of his life. He went through so many different emotions: scared, terrified, angry and ashamed. He was always asking for forgiveness from Plaintiff.

## IV. Causes of Action

### First Cause of Action

4.1 Plaintiff reasserts the allegations in paragraphs 3.1-3.23.

4.2 The conduct complained of in the above-referenced paragraphs constitutes Defamation.

### Second Cause of Action

4.3 Plaintiff reasserts the allegations in paragraphs 3.1-3.23.

4.4 The conduct complained of in the above-referenced paragraphs constitutes Intentional Infliction of Emotional Distress.

### Third Cause of Action

4.5 Plaintiff reasserts the allegations in paragraphs 3.1-3.23.

4.6 The conduct complained of in the above-referenced paragraphs constitutes the tort of Outrage.

### Fourth Cause of Action

4.7 Plaintiff reasserts the allegations in paragraphs 3.1-3.23.

4.8 The conduct complained of in the above-referenced paragraphs constitutes Negligent Infliction of Emotional Distress.

JOHN G. LLEWELLYN, PLLC
ATTORNEYS AND COUNSELORS AT LAW
4847 CALIFORNIA AVE SW, SUITE 100
SEATTLE, WA 98116
V 206-923-2889  F 206-923-2892

EXHIBIT 1
Page 11 of 13

### Fifth Cause of Action

4.9  Plaintiff reasserts the allegations in paragraphs 3.1-3.23.

4.10  The conduct complained of in the above-referenced paragraphs constitutes Negligence.

### V. Injunctive Relief

5.1  Plaintiff reasserts the allegations in paragraphs 3.1-3.23

5.2  Plaintiff asks this Court for an injunction prohibiting Defendants from alleging any sort of fraud on the part of plaintiff, under penalty of contempt sanctions.

### VI. Waiver of Physician-Patient Privilege

6.1 Plaintiff waives the physician-patient privilege.  This waiver is limited to issues reasonably related to this action, and Plaintiff does not waive the right of privacy or any constitutional or evidentiary privileges.

WHEREFORE, Plaintiff prays as follows:

1. For damages in an amount to be determined at trial, including special damages and general damages.
2. For attorneys' fees in this matter.
3. For interest as allowed by contract or statute.
4. For costs of suit.
5. For Injunctive Relief.

Complaint- Brooks v. Lyons
Page 12 of 13

JOHN G. LLEWELLYN, PLLC
ATTORNEYS AND COUNSELORS AT LAW
4847 CALIFORNIA AVE SW, SUITE 100
SEATTLE, WA 98116
V 206-923-2889  F 206-923-2892

EXHIBIT 1
Page 12 of 13

6. For punitive damages as allowed by law.

7. For such other and further relief as the Court deems just and equitable.

Dated this 17th Day of July, 2015

*[signature]*

COURTLAND T. SHAFER, WSBA #22000
JOHN G. LLEWELLYN, PLLC
ATTORNEYS AND COUNSELORS AT LAW
4847 CALIFORNIA AVE SW, SUITE 100
SEATTLE, WA 98116
TELEPHONE: 206-923-2889
FAX: 206-923-2892

ATTORNEY FOR PLAINTIFF RENEE BROOKS

Complaint- Brooks v. Lyons
Page 13 of 13

JOHN G. LLEWELLYN, PLLC
ATTORNEYS AND COUNSELORS AT LAW
4847 CALIFORNIA AVE SW, SUITE 100
SEATTLE, WA 98116
V 206-923-2889   F 206-923-2892

EXHIBIT 1
Page 13 of 13